**RECORD NO. 13-4964**

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

# LUIS ENRIQUE GARCIA,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## AT STATESVILLE

_____

## BRIEF OF APPELLANT
_____

**Murray Kamionski**
LAW OFFICE OF
  MURRAY KAMIONSKI
**1334 Parkview Avenue, Suite 100**
**Manhattan Beach, CA  90266**
**(818) 609-1795**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦  Richmond, VA  23219
804-249-7770  ♦  www.gibsonmoore.net

# <u>TABLE OF CONTENTS</u>

<u>PAGE:</u>

TABLE OF AUTHORITIES ............................................................................... iii

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF ISSUES ............................................................................ 1

STATEMENT OF THE CASE ...................................................................... 1

      Statement of Facts .................................................................................. 3

SUMMARY OF THE ARGUMENT ............................................................. 5

ARGUMENTS ............................................................................................... 7

    I.     THE DISTRICT COURT COMMITTED REVERSIBILE
           ERROR BY FAILING TO COMPLY WITH MULTIPLE
           PROVISIONS OF RULE 32 OF THE FEDERAL RULES OF
           CRIMINAL PROCEDURE .................................................................. 7

      Standard of Review .................................................................................. 7

      Discussion of the Issue ........................................................................... 7

          A.     The District Court failed to comply with subsection
                  (i)(1)(4) of Fed. R. Crim. P. 32, requiring reversal and
                  remand ..................................................................................... 7

          B.     The District Court did not ensure Garcia was given the
                  opportunity to review his Presentence Investigation
                  Report ..................................................................................... 8

          C.     Appellant did not have a reasonable period of time in
                  which to review the Presentence Investigation Report and
                  discuss it with his attorney ...................................................... 12

II.   APPELLANT WAS DENIED HIS 6TH AMENDMENT
      RIGHT TO ASSISTANCE OF COUNSEL DUE TO THE
      INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING
      TO OBJECT TO THE RULE 32 VIOLATIONS ..............................16

III.  THE DISTRICT COURT ENGAGED IN
      UNCONSTITUTIONAL FACT FINDING WHEN IT RELIED
      UPON REFERENCES MADE TO FACTS WITHIN THE
      PRESENTENCE REPORT THAT WERE NEITHER
      PROVEN TO A JURY BEYOND A REASONABLE DOUBT
      NOR ADMITTED BY APPELLANT, TO DETERMINE
      APPELLANT' S SENTENCE UNDER THE GUIDELINES ...........19

      Standard of Review.........................................................................19

      Discussion of the Issue ..................................................................19

CONCLUSION ......................................................................................25

REQUEST OF ORAL ARGUMENT ....................................................25

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

## CASES:

Apprendi v. New Jersey,
530 U.S. 466 (2000).........................................................................21

Burns v. United States,
501 U.S. 129, 111 S. Ct. 2182, 115 L. Ed. 2d 123 (1991) ..............................8

Jones v. United States,
526 U.S. 227 (1999).........................................................................21

Jones v. United States,
783 F.2d 1477 (9th Cir. 1986) ......................................................16

Ring v. Arizona,
536 U.S. 584 (2002).........................................................................21

Strickland v. Washington,
466 U.S. 668 (1984)..............................................................16, 17, 18

United States v. Booker,
125 S. Ct. 738 (2005)................................................................passim

United States v. Brewer,
1 F.3d 1430 (4th Cir. 1993) .............................................................7

United States v. Casas,
425 F.3d 23 (1st Cir. 2005)..........................................................10

United States v. Daniels,
3 F.3d 775 (4th Cir. 1993), *cert. denied*,
510 U.S. 1130, 114 S. Ct. 1101, 127 L. Ed. 2d 413 (1994) .........................13

United States v. Davenport,
151 F.3d 1325 (11th Cir. 1998) .............................................10, 11

United States v. Gaudin,
    515 U.S. 506 (1995)..............................................................................21

United States v. Gray,
    323 F.3d 491 (7th Cir. 2003) ..........................................................7

United States v. Hayes,
    171 F.3d 389 (6th Cir. 1999) ..........................................................8

United States v. Hughes,
    401 F.3d 540 (4th Cir. 2005) ........................................................22

United States v. Jacques,
    345 F.3d 960 (7th Cir. 2003) ..........................................................7

United States v. Lewis,
    880 F.2d 243 (9th Cir. 1989) ........................................................11

United States v. Lockhart,
    58 F.3d 86 (4th Cir. 1995) ............................................................12

United States v. Lopez-Lopez,
    295 F.3d 165 (1st Cir. 2002)........................................................10

United States v. Martinez,
    136 F.3d 972 (4th Cir. 1998) ......................................................16

United States v. McManus,
    23 F.3d 878 (4th Cir. 1994) ..................................................13, 14

United States v. Melgar,
    139 F.3d 1005 (4th Cir. 1998) ....................................................19

United States v. Milam,
    443 F.3d 382 (4th Cir. 2006) ................................................passim

United States v. Miller,
    849 F.2d 896 (4th Cir. 1988) ..................................................12, 14

United States v. Petty,
  80 F.3d 1384 (9th Cir. 1996) ............................................................11

United States v. Sustaita,
  1 F.3d 950 (9th Cir. 1993) ..............................................................11

**STATUTES:**

18 U.S.C. § 2 .......................................................................................2

18 U.S.C. § 1028A(a)(1) .................................................................. 1

18 U.S.C. § 1349 .............................................................................. 1

18 U.S.C. § 3552(d) ....................................................................10, 11

18 U.S.C. § 3553(a) ...........................................................................22

18 U.S.C. § 3742(a) .......................................................................... 1

21 U.S.C. § 841(a) ..............................................................................2

21 U.S.C. § 841(a)(1) .......................................................................2, 3

21 U.S.C. § 841(b)(1)(A) ................................................................2, 4

21 U.S.C. § 841(b)(1)(B) ...................................................................2

21 U.S.C. § 846...............................................................................2, 4

28 U.S.C. § 1291 .............................................................................. 1

**CONSTITUTIONAL PROVISIONS:**

U.S. Const. amend. V.......................................................................8

U.S. Const. amend. VI ...............................................................passim

**RULES:**

Fed. R. Crim. P. 11...................................................................................24

Fed. R. Crim. P. 32..............................................................................<u>passim</u>

Fed. R. Crim. P. 32(a)(1)(A).............................................................12, 14

Fed. R. Crim. P. 32(c)(3)(A)...................................................................8

Fed. R. Crim. P. 32(c)(3)(2)...................................................................11

Fed. R. Crim. P. 32(e)............................................................................10

Fed. R. Crim. P. 32(e)(2) ...................................................................9, 12

Fed. R. Crim. P. 32(i)(1)(A) .........................................................6, 11, 13

Fed. R. Crim. P. 32(i)(1)(4) ....................................................................7

## STATEMENT OF JURISDICTION

The District Court had jurisdiction by virtue of 18 U.S.C. § 1349 and 18 U.S.C. § 1028A(a)(1). This Court has jurisdiction of this appeal from a final judgment under 18 U.S.C. Section 3742(a) and 28 U.S.C. Section 1291.

## STATEMENT OF ISSUES

1.      Whether Mr. Garcia's sentence should be vacated because the District Court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure

2.      Whether Mr. Garcia was denied his Sixth Amendment right to assistance of counsel due to ineffective assistance of counsel during his sentencing hearing.

3.      Whether the District Court engaged in unconstitutional fact finding where it relied upon references made to facts within the pre-sentence report that were neither proven to a jury beyond a reasonable doubt nor admitted by Appellant, to determine Appellant's sentence under the Guidelines.

## STATEMENT OF THE CASE

On December 13, 2013, Luis Enrique Garcia was indicted in the Western District of North Carolina. The Counts are as follows:

1) Count 1: Conspiracy to violate 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute quantities of methamphetamine, a Schedule II controlled substance. In violation of 21 U.S.C. § 846 and § 841(b)(1)(A)

2) Counts 2: Aided and abetted the distribution of methamphetamine. In violation of 21 U.S.C. § 841(a), § 841(b)(1)(B) and 18 U.S.C. § 2.  JA at 8-10.

On January 21, 2013, Appellant entered into a plea agreement with the government where the Appellant would plead guilty to Count 1 of the indictment charging him with conspiracy to deliver methamphetamine. JA at 55. The plea agreement did not contain any stipulations regarding the relevant conduct of Appellant. JA at 55-61. Appellant pled guilty to Count 1 of the indictment on February 4, 2013. JA at 19.

In Appellant's Final Presentence Investigation Report, the probation officer calculated a base offense level of 34 by holding Appellant accountable for 1500 grams to 5000 grams of grams of methamphetamine. JA at 96. The probation officer added enhancements for possession of dangerous weapon (increase by 2 levels), maintaining premises for the purpose of manufacturing or distributing a controlled substance (increase by 2 levels), as well as alleging that Garcia was a manager/supervisor in this case as he employed others to run drugs on his behalf (increase of 3 levels) resulting in an adjusted offense level of 41. JA at 96. The probation officer reduced this by 3 levels, resulting in a total offense level of 38.

2

JA at 97.  The resulting guideline imprisonment range recommended by the probation officer, coupled with Appellant's criminal history category I, was 235 to 293 months. JA at 104. The report specifically mentions that the additional enhancements, which were not part of the Plea Agreement, were applied in the offense calculations and increased the total offense level by four additional levels. JA at 104.

Counsel for Appellant filed objections to the Presentence Investigation Report. JA at 85, 107-108.  One objection, dealing with maintenance of a firearm as part of the conspiracy, was sustained by the District Court. This then changed the total offense level to 36, which, when coupled with a criminal history category of I, resulted in an imprisonment range of 188 months – 235 months. JA at 112.

Appellant was sentenced on December 2, 2013 to 188 months. JA at 42. Appellant filed a *pro se* Notice of Appeal on December 18, 2013. JA at 53. The Appeal was timely filed.

### *Statement of Facts*

Appellant pled guilty to Count One of the Bill of Indictment which charged that from on or about 2008 to on or about December 7, 2012, in Watauga County, within the Western District of North Carolina, Appellant knowingly conspired to distribute quantities of methamphetamine in violation of 21 U.S.C. § 841(a)(1),

§ 841(b)(1)(A), and 21 U.S.C. § 846. JA at 8. Appellant's plea agreement did not contain any stipulations or statements by Appellant regarding possession by him of any dangerous weapon, maintaining a residence for the purpose of manufacturing or distributing a controlled substance, as well managing and/or supervising criminal activity. JA at 55-61.

Appellant's Presentence Investigation Report[1] contained statements, allegedly made by a confidential informer (CI) regarding the use of a firearm during the course of the conspiracy. JA at 96. In addition, the Presentence Investigation Report alleges that Appellant maintained premises for the purpose of manufacturing or distributing a controlled substance, in addition to being a manager or supervisor that employed others to run drugs on his behalf. JA at 96.

Appellant made no admissions or stipulations at the plea or sentencing hearings regarding conduct involving a firearm, maintaining a drug manufacturing operation at his premises and employing others to run drugs for him. JA at 55-61.

Counsel for Appellant initially made three objections to the Draft Presentence Investigation Report, namely that Appellant a) maintained that he never used a firearm as part of the conspiracy; b) had no direct knowledge that the drugs were imported from Mexico; and c) that additional enhancements that were not part of the Plea Agreement increased the total offense level by 6 levels. JA at

---

[1] Reference herein is made to Final Presentence Investigation Report dated September 23, 2013. JA at 87.

85. Counsel for Appellant made only one objection to the Final Presentence

Investigation Report dealing with possession of the firearm, and made absolutely no

objections at the sentencing hearing.  JA at 33-46; 107.

At the sentencing hearing on December 2, 2013, Appellant stated that he was

not given an opportunity to review the Presentence Investigation Report with an

interpreter and his prior to the sentencing hearing. JA at 36.

At the sentencing the District Court adopted the Presentence Investigation

Report as to its findings of facts and conclusions contained therein. JA at 33-46. And

based solely on the Presentence Investigation Report, the District Court judge

determined the total offense level to be 36 with a guideline range on a criminal history

category I to be 88 to 235 months. JA at 38. Appellant was sentenced to 188 months,

the mandatory minimum sentence.  JA at 112.

## SUMMARY OF THE ARGUMENT

The record does not adequately demonstrate that Garcia read the Presentence

Investigation Report and discussed it with his counsel before sentencing, as required by

Rule 32 of the Federal Rules of Criminal Procedure. His defense was hindered by this

restriction as because Appellant could not assist with his defense, nor could he dispute

any facts contained in the Presentence Investigation Report.

In failing to insure that Mr. Garcia had indeed received the Presentence

Investigation Report and had the opportunity to review same with defense counsel and

an interpreter, the Lower Court violated Federal Rules of Criminal Procedure

32(i)(1)(A). Appellant was denied his Sixth Amendment right to counsel due to the

ineffective assistance of counsel in failing to object to the Rule 32 violations.

Due to the procedural errors and violations of Mr. Garcia's constitutional rights, his

sentence is invalid and should be vacated by this Court.

Mr. Garcias' sentence should be vacated because his trial counsel's failure to

make arguments regarding proper application of the Sentencing Guidelines that could

have significantly reduced his sentence deprived him of his constitutional right to

counsel.

For these reasons, the Defendants' sentences should be vacated and this

consolidated case should be remanded for resentencing

Appellant was denied his Sixth Amendment right to counsel due to the

ineffective assistance of counsel in failing to object to the Rule 32 violations.

The District Court judge enhanced the Appellant's sentence beyond the

prescribed Guideline range by finding facts that were neither admitted by Appellant nor

proven beyond a reasonable doubt to a jury, which is precisely what the Supreme Court

ruled unconstitutional in <u>Booker</u>. <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

Furthermore, this Court expounded upon the ruling in <u>Booker</u> and held that the reliance

upon facts within a Presentence Investigation Report are not deemed to be an admission

6

by the defendant and such fact finding by the court is therefore, unconstitutional.

United States v. Milam, 443 F.3d 382, 383 (4th Cir. 2006).

Consequently, because Appellant's Sixth Amendment rights were violated, this Court should vacate and remand for resentencing in accordance with the ruling in Milam.

## **ARGUMENTS**

**I.      THE DISTRICT COURT COMMITTED REVERSIBILE ERROR BY FAILING TO COMPLY WITH MULTIPLE PROVISIONS OF RULE 32 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

### *Standard of Review*

The failure to determine whether the Appellant read the Presentence Investigation Report and discussed it with his attorney prior to sentencing is reviewable for plain error. Plain error is an error that: (1) is plain or clear; (2) affects substantial rights; and (3) seriously affects "the fairness, integrity, or public reputation of judicial proceedings." United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993); see also United States v. Jacques, 345 F.3d 960 (7th Cir. 2003); United States v. Gray, 323 F.3d 491, 492 (7th Cir. 2003).

### *Discussion of the Issue*

**A.      The District Court failed to comply with subsection (i)(1)(4) of Fed. R. Crim. P. 32, requiring reversal and remand.**

During Garcias' sentencing hearing, the District Court did not verify that Garcia and defense counsel had the opportunity to review and discuss the Presentence

Investigation Report *prior* to the hearing , as required by the Federal Rules of Criminal Procedure.

The Fifth Amendment mandates that no individual be deprived of liberty without due process of law. <u>See</u> U.S. CONST. AMEND. V. Rule 32 of the Federal Rules of Criminal Procedure protects the right to due process by requiring disclosure of most information relied upon at sentencing. <u>See</u> Fed. R. Crim. P. 32(c)(3)(A). The purpose of the rule is to promote "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." <u>United States v. Hayes</u>, 171 F.3d 389, 392 (6th Cir. 1999); citing <u>Burns v. United States</u>, 501 U.S. 129, 137, 111 S. Ct. 2182, 115 L. Ed. 2d 123 (1991). Due process requires that a defendant receive notice and be given the opportunity to be heard. Therefore, Rule 32 protects due process rights by requiring that defendants have the opportunity to receive and review information that will be used at sentencing. <u>Hayes</u>, 171 F.3d at 392-393.

**B.     The District Court did not ensure Garcia was given the opportunity to review his Presentence Investigation Report.**

The relevant portions of the Federal Rules of Criminal Procedure are as follows:

"Rule 32. Sentencing and Judgment

(e) Disclosing the Report and Recommendation

(2) Minimum Required Notice. The probation officer must give the Presentence Investigation Report to the defendant, the defendant's attorney and an attorney for the

government at least *35 days* before sentencing unless defendant waives the minimum period.

(f) Objecting to the Report.

(1) Time to Object. Within 14 days after receiving the Presentence Investigation Report, the parties must state in writing any objections including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.

(g) Submitting the Report. At least 7 days before sentencing the probation officer must submit to the court and to the parties the Presentence Investigation Report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them."

Rule 32(e)(2) states, "The probation officer must give the Presentence Investigation Report to the defendant, the defendant's attorney, and an attorney for the government at least *35* days before sentencing unless the defendant waives this minimum period." The Appellant here did not have the opportunity to review his Presentence Investigation Report, nor did he waive this right. Rule 32 requires sentencing courts to provide the report to the actual defendants, not just their counsel because some allegations can only be fully addressed with the assistance of the defendant.

In <u>United States v. Casas</u>, 425 F.3d 23, 57-8 (1st Cir. 2005) the defendant did not receive a copy of the revised Presentence Investigation Report which included information about the quantities and types of drugs attributed to the defendant. Defense counsel asked for a continuance, asserting that the quantities were incorrect. <u>Id.</u> This request was denied by the District Court. <u>Id.</u> The First Circuit reversed, holding that "the time limits found in Rule 32(e) 'are no mere technicalities; they are integral to the fair and orderly process of imposing sentence. They are mandatory and we expect compliance with them'." <u>Id.</u>; quoting <u>United States v. Lopez-Lopez</u>, 295 F.3d 165, 169 (1st Cir. 2002).

Rule 32(e) was not only violated when the probation officer failed to forward a copy of the Presentence Investigation Report to the Appellant, but also 18 U.S.C. § 3552(d), which states:

> The court shall assure that a report filed pursuant to this section is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing, unless this minimum period is waived by the defendant.

In <u>United States v. Davenport</u>, 151 F.3d 1325 (11th Cir. 1998), the defendant plead guilty to conspiracy to possess with intent to distribute cocaine. After his plea, he absconded. During that time, the probation officer prepared the Presentence Investigation Report and forwarded it to the defendant's attorney. <u>Id.</u> The defendant was apprehended the day before his sentencing; he only had three hours to review the report with his attorney before being sentenced. <u>Id.</u> Defense counsel moved for

10

a continuance at the sentencing, which was denied by the District Court. The Eleventh Circuit reversed and remanded, holding that the government's disclosure of the report to defense counsel alone twenty-two days prior to sentencing did not satisfy the mandate of § 3552(d). Id.

In United States v. Petty, 80 F.3d 1384 (9th Cir. 1996), the Court held that with regard to Rule 32(c)(3)(2)*, "The plain language of [the rule] requires that the court determine whether or not the defendant and his counsel have had the opportunity to read and discuss the report. United States v. Lewis, 880 F.2d 243, 245 (9th Cir. 1989)." (* The current provision of the Rule is 32(i)(1)(a), but contains the same provisions). In distinguishing Lewis, the Petty court held that while the court in Lewis found compliance because defense counsel asserted that the defendant had read the report and did not object, the court in United States v. Sustaita, 1 F.3d 950 (9th Cir. 1993), in contrast found that "defense counsel's statement to the court that '[the] objection that we have filed...that we feel is appropriate' was insufficient to establish that defendant had read the Presentence Investigation Report. Id. at 953 (emphasis in original)". United States v. Petty, *supra*.

In the present case, there is absolutely no indication that Mr. Garcia read, or for that matter, even received the untimely report. Here, during the sentencing hearing which was held on *December 2, 2013*, Appellant indicated that he had not at all seen and been given an opportunity to review the Presentence Investigation

Report. JA at 36. This, in spite of the fact that there were actually two p.s.r reports, one filed August 15, 2013 and the other filed September 23, 2013. J.A 64-86. 87-108.

Per Rule 32(e)(2), Appellant was required to receive a copy of the Presentence Investigation Report no later than October 28, 2013 (*35 days before the sentencing hearing*.) With respect to Appellant, there is nothing in the record that would indicate that Rule 32(e)(2) was complied with.

**C.    Appellant did not have a reasonable period of time in which to review the Presentence Investigation Report and discuss it with his attorney**

In <u>United States v. Miller</u>, 849 F.2d 896, 898 (4th Cir. 1988), this Circuit Court held:

> the District Court must, without exception, determine that a defendant has had the opportunity to read and discuss the Presentence Investigation Report with his counsel. Of course the simplest way for the District Court to make this determination is simply to ask defendant, his lawyer, or both. This is not to say that the District Court must always expressly ask whether the report has been read and discussed. We recognize that often a statement by counsel or defendant will unequivocally demonstrate that the report has been read and discussed by them... However, in the absence of information in the record from which the District Court could determine that the report has been read and discussed, the District Court cannot fulfill its duties under Rule 32(a)(1)(A) without inquiring as to whether defendant had the opportunity to read and discuss the Presentence Investigation Report with defense counsel.

In <u>United States v. Lockhart</u>, 58 F.3d 86, 88-89 (4th Cir. 1995), the only evidence in the record that the defendant had read and discussed the Presentence

Investigation Report with his attorney was a general objection filed a few months before sentencing that Lockhart objected to certain factual statements in the report. The Fourth Circuit determined that this evidence was insufficient, and that the sentencing court did not comply with the requirements of Rule 32, "without an express inquiry, that Lockhart had read and discussed the Presentence Investigation Report with his counsel" Id. More information was required to demonstrate the District Court fulfilled the requirements of Rule 32 of the Federal Rules of Criminal Procedure. Id.

In United States v. McManus, 23 F.3d 878, 884-85 (4th Cir. 1994), this Circuit Court held that Rule 32 was satisfied because the Presentence Investigation Report in the record actually contained notes in the defendant's handwriting, objections were made to portions of the report, and the trial evidence referenced in the report was discussed during the sentencing hearing. Id. In United States v. Daniels, 3 F.3d 775, 780 (4th Cir. 1993), *cert. denied*, 510 U.S. 1130, 114 S. Ct. 1101, 127 L. Ed. 2d 413 (1994), Rule 32 was fulfilled by the District Court because the evidence demonstrated the defendant had researched a variety of sentencing issues and also interrupted his counsel during the sentencing hearing to correct his statements.

Although the Fourth Circuit does not require that a District Court ask a specific set of questions in order to comply with Rule 32(i)(1)(A), the record must

demonstrate that the requirements of this rule are satisfied. See McManus, 23 F.3d at 884.

It is clear that a defendant must have an opportunity to read and discuss the Presentence Investigation Report with counsel before sentencing. Fed. R. Crim. P. 32(a)(1)(A). While this Court has stated that the most simple and direct way for a District Court to determine whether the rule has been complied with is to directly ask the defendant and/or his attorney, this is not the only method for so determining. United States v. Miller, 849 F.2d 896, 898 (4th Cir. 1988).

From the record, it is obvious that not only did Appellant *not* read the report and discuss strategy with counsel prior to sentencing; he clearly didn't even have an opportunity to research the case law regarding the sentencing of similarly situated defendants.

At the outset of the sentencing hearing, the District Court inquired of Appellant whether he had gone over the Presentence Investigation Report with his attorney with the help of an interpreter, to which Appellant replied, "I haven't seen it." JA at 36.

Clearly the preparation of this report and its contents was a surprise to Appellant. Most revealing of the fact that Appellant did not read the report, as well as discussing it with his attorney, is Appellant's statement to the Court when asked whether he had gone over the report with his attorney. JA at 36. Appellant here

14

clearly spoke up and exhibited absolutely no hesitation in telling the court that the investigation report was a total surprise to him.

There exists no probative evidence in the record, that would support any contention that Appellant had occasion to discuss not only the report, but also strategy with his attorney. There is no evidence in the record that Appellant had an opportunity to research case law regarding the sentencing of similarly situated defendants, both in pre-Guidelines and post-Guidelines contexts. And there is no evidence in the record that Appellant knew the name of the Probation Officer that prepared his Presentence Investigation Report, Darienne C. Bosserman. JA at 87. Given more time to review the report, could have permitted Appellant to attempt to locate a prior case involving a similar plea to conspiracy to distribute Metampetamine in which Ms. Bosserman was also involved. JA at 55, 87. Lastly, and perhaps the most probative evidence of the fact that Appellant did *not* have occasion to discuss not only the report but strategy with his attorney, is his attorney's assertion during the sentencing hearing, " Your Honor, I think I was successful in refreshing his recollection, but if you would like to review that with him, that's fine." JA at 36.

How could Appellant possibly have reviewed, understood and made comments to a 22 page document containing some 90 paragraphs, comprising detailed factual information and analysis just by "having his recollection refreshed." Furthermore, how could Appellant without the help of an interpreter,

15

attest to the fact that he thoroughly understood an intricate 22 page document with

consisting of some 90 "technical" paragraphs.

A fair reading of the record shows clearly that Appellant *did not read* the

Presentence Investigation Report, but also that he did not discuss it with his counsel.

## II.     APPELLANT WAS DENIED HIS 6TH AMENDMENT RIGHT TO ASSISTANCE OF COUNSEL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO OBJECT TO THE RULE 32 VIOLATIONS.

The Sixth Amendment to the United States Constitution affords individuals,

among other things, the right to "have the Assistance of Counsel for his defense". In

this regard, "The sixth amendment guarantees a criminal defendant the right to effective

assistance of counsel". Strickland v. Washington, 466 U.S. 668, 686-87, 104 S. Ct.

2052, 2063-64, 80 L. Ed. 2d 674 (1984). This right applies both at trial and at

sentencing. See Jones v. United States, 783 F.2d 1477, 1482 (9th Cir. 1986). The

Appellant must show that the attorney's performance was not in accord with prevailing

professional norms, and that the attorney's deficient performance prejudiced him.

Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

"A defendant can raise the claim of ineffective assistance of counsel . . . on direct

appeal if and only if it conclusively appears from the record that his counsel did not

provide effective assistance . . . ." United States v. Martinez, 136 F.3d 972, 979 (4th

Cir. 1998).

Appellant's Plea Agreement does not preclude him from contesting his conviction with claims of ineffective assistance of counsel. JA at 59.

To prove ineffective assistance the defendant must satisfy two requirements: (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984).

In the matter at bar, Mr. Garcia's defense counsel did not a) object to the timeliness of the Presentence Investigation Report and the fact that it was *not* provided to Appellant within the requisite minimum 35 days so that Appellant could thoroughly review it with counsel as well as an interpreter, and thereby provide comments; b) request a continuance for the opportunity to review the Presentence Investigation Report; or c) make *any* objections at the sentencing hearing or d) make an objection to the increased guideline level, which increased Mr. Garcia's potential punishment by an additional six and a half (6.5) years.

The errors made by defense counsel cannot be deemed strategic in nature. It was not part of defense counsel's strategy at sentencing, in hopes to mitigate Mr. Garcia's actions, that he neglected to take the above actions. Federal Rule of Criminal Procedure was blatantly violated in several respects, and defense counsel never made any mention of it. The two pronged approach adopted by <u>Strickland</u> in determining ineffective

assistance of counsel as delineated above is that defendant show that counsel's performance was deficient and that the defendant was prejudiced as a result of the deficiency.

In the case at bar, both prongs of the Strickland test are met. Counsel's failure to object to the blatant violations of Federal Rule, satisfies the deficient performance prong.

With regard to the prong of <u>Strickland</u> regarding prejudice to Appellant, Appellant was sentenced to a term of imprisonment of 188 months, which resulted from an offense level of 36 and category I. That sentence exceeded what he would have received under the original Plea Agreement, which put him at a base offense level of 34. JA at 56.

The Court should have used a total offense level of 31 instead of 36, when it sentenced Appellant. The reason is because a) the court sustained the objection regarding the firearm and b) Appellant, in his Plea Agreement, never admitted to maintaining the premises for the purpose of manufacturing or distributing a controlled substance, as well as employing others to run drugs on his behalf. Eliminating any enhancements for a and b, would have resulted in an Adjusted Offense Level of 34 which would have then been reduced to 31, given the three level reduction already granted in the Presentence Investigation Report. JA at 96-97.

Having Appellant sentenced to a total offense level of 31 category I on the lower end of the sentencing scale, would have resulted in a term of imprisonment of 108 months. This would have reduced his prison term by some six and a half years. Failure to give Appellant the opportunity to challenge these elevated numbers, effectively denied him of his right to due process. In this regard, the ineffectiveness of counsel's representation was highly prejudicial to the defendant.

Because Appellant was denied his Sixth Amendment right to assistance of counsel, due to the ineffective assistance of defense counsel, the sentence should be vacated and the matter should be remanded to the lower court.

**III.    THE DISTRICT COURT ENGAGED IN UNCONSTITUTIONAL FACT FINDING WHEN IT RELIED UPON REFERENCES MADE TO FACTS WITHIN THE PRESENTENCE REPORT THAT WERE NEITHER PROVEN TO A JURY BEYOND A REASONABLE DOUBT NOR ADMITTED BY APPELLANT, TO DETERMINE APPELLANT' S SENTENCE UNDER THE GUIDELINES.**

*Standard of Review*

This Court reviews ultimate constitutional questions de novo. See United States v. Melgar, 139 F.3d 1005, 1008 (4th Cir. 1998).

*Discussion of the Issue*

Appellant's Sixth Amendment rights were violated when the District Court judge engaged in unconstitutional fact finding by relying solely upon the Presentence Investigation Report without any formal admission from Appellant.

19

Appellant in his Plea Agreement, *never* admitted to the possession of a firearm during the conspiracy and never admitted to maintaining the premises for the purpose of manufacturing or distributing a controlled substance, as well as employing others to run drugs on his behalf.  JA at 55-61.

In United States v. Milam, 443 F.3d 382 (4th Cir. 2006), the defendants each pled guilty to a single count of the indictment charging each with aiding and abetting the distribution of an unspecified quantity of Ecstasy. Id. at 384. In both cases the Presentence Investigation Reports contained findings regarding drug weight and firearm involvement. Id. Both defendants admitted to distributing 51 pills and made no other admissions. Id. Both defendants argued on appeal that their total offense level should have been 12 with a sentencing range of 12 to 18 months. Id. at 385. The District Court, relying solely on the respective Presentence Investigation Reports, found both defendants accountable for drug weights far in excess of the 51 pills and sentenced them well beyond the maximum 18 month sentence permitted by their guilty pleas. Id. at 384. Jason Milam also received a firearm enhancement which further increased his sentence beyond the prescribed maximum. Id.

In Milam, this Court specifically held that facts stated in a Presentence Investigation Report could not be deemed admissions by a defendant sufficient to satisfy the Sixth Amendment protections articulated in United States v. Booker, 125 S. Ct. 738 (2005). Id. at 383. This Court in reaching its decision made further

20

analysis of <u>Booker</u> and its precedent and held that "<u>Booker</u> makes certain facts resolvable only by a jury unless the defendant admits the facts so as to render irrelevant the Sixth Amendment protections that attach to finding them." <u>Id.</u> at 386. This Court added that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." <u>Milam</u>, 443 F. 3d at 386 (citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 476 (2000) quoting <u>Jones v. United States</u>, 526 U.S. 227, 243 (1999)). "Such facts are considered 'elements' of the offense, not sentencing facts, and proof of them must satisfy the requirements of the Sixth Amendment." <u>Milam</u>, 443 F.3d at 386 (citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 478 (2000); <u>Ring v. Arizona</u>, 536 U.S. 584 (2002): <u>United States v. Gaudin</u>, 515 U.S. 506, 522-23 (1995). And finally, "any fact that increases the maximum penalty for a crime, even though previously treated as part of the sentencing process, must now be treated as an element of the offense, and as to that element, a defendant enjoys the protections of the Sixth Amendment." <u>Milam</u>, 443 F.3d at 387 (citing <u>Booker</u>, 125 S. Ct. at 756). The only way to get around the Sixth Amendment protections is to have defendant expressly waive those rights, admit the fact that would otherwise go to a jury, or consent to fact finding by the court. <u>Milam</u>, 443 F.3d at 387.

As to the application of <u>Booker</u> in the instant case, Appellant argues that although the Guidelines were deemed advisory at the time he entered his plea and

was sentenced, the Court in <u>Milam</u> did not make any distinctions between advisory or mandatory Guidelines. And in <u>United States v. Hughes</u>, this Court restated the holding in <u>Booker</u> and held that District Courts shall take the Guidelines into consideration when sentencing and after making appropriate findings of fact, calculate the Guideline range. 401 F.3d 540, 546 (4th Cir. 2005) (citing <u>Booker</u>, 125 S. Ct. at 767) emphasis added. Then the District Court should consider that range in conjunction with the factors in § 3553(a) before determining a sentence. <u>Hughes</u>, 401 F.3d at 546 (4th Cir. 2005) (citing <u>Booker</u>, 125 S. Ct. at 764-765).

As to making appropriate findings of fact, again in <u>Milam</u> this Court held that a defendant's Sixth Amendment rights were violated when a district judge established the defendant's relevant conduct by relying on statements in the Presentence Investigation Report to enhance the defendant's sentence that were neither proven beyond a reasonable doubt to a jury nor admitted by the defendant in his plea agreement. 443 F.3d 382 (4th Cir. 2006).

As applied to the instant case, <u>Milam</u> renders Appellant's sentence unconstitutional where the district judge engaged in judicial fact finding that violated Appellant's Sixth Amendment rights. Appellant's only admission in the Plea Agreement was to Count 1. JA at 55.

Here, the district judge engaged in unconstitutional judicial fact finding regarding a two level gun enhancement by relying upon statements within the

22

Presentence Investigation Report that were not admitted by Appellant in the plea agreement nor proved to a jury beyond a reasonable doubt. In addition, the district judge also engaged in unconstitutional fact finding regarding the maintaining of a premises for the purpose of manufacturing or distributing a controlled substance ( a two level increase), as well as assuming as true that Appellant employed others to run drugs for him ( a three level increase.)

Again in <u>Milam</u>, this Court held that a defendant's Sixth Amendment rights were violated when a district judge imposed a two level gun enhancement by relying upon statements within the Presentence Investigation Report and a finding by a preponderance of the evidence that the firearm was used to further the crimes committed. 443 F.3d 382 (4th Cir. 2006).

In the instant case, Appellant's plea agreement did not contain an admission by Appellant; regarding the presence of a firearm, or the use of a firearm during the course of the subject conspiracy. In addition, Appellant did not admit to maintaining the premises for the purpose of manufacturing drugs, nor did Appellant ever admit that he employed others to run drugs on his behalf.

These presumed admissions by Appellant that were then used against him to increase his base offense level in the Presentence Investigation Report, were absolutely inadmissible. Appellant has not waived his right to object to these presumed admissions, because there is nothing in the record that proves that Appellant

ever made these statements, either in the Plea Agreement, which was signed on January 31, 2013, nor in the Plea and Rule 11 hearing that was held on February 4, 2013. JA at 17-32; 55-61. The Draft Presentence Investigation Report was prepared on August 15, 2013, while the Final Report was prepared on September 23, 2013. JA at 64, 87. The waiver by Appellant in his Plea Agreement refers only to "statements made in the course of Defendant's guilty plea or this plea agreement." JA at 58.

The facts that are embedded in paragraphs 30 and 32 of the Presentence Investigation Report, raised Appellant's base level offense by 5 points. JA at 96. Here the district judge sentenced Appellant to 188 months by finding facts that were neither admitted by Appellant nor proven beyond a reasonable doubt to a jury. And this is is precisely what the Supreme Court ruled unconstitutional in <u>Booker</u>. <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Furthermore, this Court expounded upon the ruling in <u>Booker</u> and held that the reliance upon facts within a Presentence Investigation Report are not deemed to be an admission by the defendant and such fact finding by the court is therefore, unconstitutional. <u>United States v. Milam</u>, 443 F.3d 382, 383 (4th Cir. 2006).

Consequently, the Court violated Appellant's Sixth Amendment rights by increasing Appellant's punishment for conduct neither admitted by Appellant nor proven to a jury beyond a reasonable doubt.

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should vacate the judgment below and remand for resentencing.

## <u>REQUEST OF ORAL ARGUMENT</u>

Pursuant to Rule 34 of the Local Rules of the Fourth Circuit, Appellant respectfully requests oral argument in the belief that the Court's consideration of the issues in this matter will be assisted and advanced by the opportunity of the parties to appear before the Court, to make appropriate comments, and to respond to the Court's questions and remarks.

/s/ Murray Kamionski
Murray Kamionski
LAW OFFICE OF
  MURRAY KAMIONSKI
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA  90266
(818) 609-1795

*Counsel for Appellant*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
32(a)(7)(B) because:

     this brief contains <u>5,682</u> words, excluding the parts of the brief
     exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     this brief has been prepared in a proportional spaced typeface using
     <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

                                             <u>/s/ Murray Kamionski</u>
                                             Murray Kamionski


Dated: May 9, 2014

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on May 9, 2014, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF System, which will send notice of such filing

to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE
>    UNITED STATES ATTORNEY
> United States Courthouse
> 100 Otis Street, Room 233
> Asheville, NC  28801
> (828) 271-4661
>
> *Counsel for Appellee*

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

> /s/ Shelly N. Gannon
> Shelly N. Gannon
> GIBSON MOORE APPELLATE SERVICES, LLC
> 421 East Franklin Street
> Suite 230
> Richmond, VA  23219